NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Klara Pall<br><br>    Plaintiff,<br><br>    v.<br><br>Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3 Asset Backed Certificates, Series 2006-3,<br><br>    Defendant. | Civil No. 11-2883 (AET)<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter comes before the Court upon Defendant's Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3 Asset Backed Certificates, Series 2006-3's ("Wells Fargo") Motion to Remand and Dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1447 [docket #5].  Plaintiff Klara Pall opposes the motion [8].

The Court has decided the motion after taking into consideration the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendant's Motion to Remand is GRANTED.

## II.   BACKGROUND

This matter arises from a mortgage foreclosure action filed in the Superior Court of New Jersey Chancery Division of Mercer County ("Superior Court") on August 28, 2007 by Wells Fargo against Plaintiff regarding a residential property located in Trenton, New Jersey.  In her

1

answer to the state court action on December 12, 2007, Plaintiff, among her affirmative defenses, alleged that Wells Fargo did not comply with the provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  (Def's Mot. to Remand, Ex. B, at 9).

On February 23, 2008, Wells Fargo filed a motion for summary judgment seeking to dismiss Plaintiff's Answer.  (*Id.*, Ex. C).  The Superior Court granted Wells Fargo's Motion for Summary Judgment by Order dated March 28, 2008.  (*Id.*, Ex. D).  Plaintiff filed a Motion for Reconsideration of the Order granting summary judgment, which was denied.  (*Id.*, Ex. E).  On September 9, 2008, an uncontested judgment in foreclosure was entered in favor of Wells Fargo.  (*Id.*, at 3).  On January 28, 2009, the Property was sold at a Sheriff's sale.  (*Id.*)  Plaintiff moved to vacate the Sheriff's Sale, repeating allegations that the foreclosure was invalid due to violations of a number of consumer protection laws, including the FDCPA.  (*Id.*, Ex. F).  On June 24, 2009, the Superior Court denied that motion, noting that it would not "entertain these arguments again as the Court has previously ruled on there [*sic*] motions."  (*Id.*, Ex. G, at 3).

After the Sheriff's Sale, Plaintiff filed an Emergent Application to Stay Removal of Occupant, (*Id.*, Ex. H), which the Superior Court denied on May 17, 2011, noting that Plaintiff had the right to pursue an appeal in this matter with the Appellate Division (*Id.*, Ex. H). Subsequently on May 20, 2011, Plaintiff filed a Notice of Removal and Federal Stay of Eviction pursuant to 28 U.S.C. § 1446(a) in this Court.  [1].

### III.     DISCUSSION

Defendants have a statutory right to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  A defendant seeking to remove a case must file a "notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and

orders served." *See* 28 U.S.C. § 1446(a).  When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *See F.D.I.C. v, Wissel & Sons Constr. Co.*, Inc., 881 F. Supp, 119, 122 (D.N.J, 1995).  Moreover, the removal statute is generally "strictly construed against removal and all doubts should be resolved in favor of remand."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted).

An action that has been removed to federal court may be remanded to state court pursuant to 28 U.S.C. § 1447(c) on the grounds of a defect in the removal procedure.  For example, failure to file a notice of removal within the time period provided by the removal statutes is a sufficient ground on which to remand.  *See Wissel & Sons Constr. Co.*, 881 F. Supp. at 122; *Mountain Ridge State Bank v. Investor Funding Corp.*, 763 F. Supp. 1282, 1288 (D.N.J. 1991).  The defendant bears the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements. *See, e.g.*, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *see also Capone v. Harris Com.*, 694 F. Supp. 111, 112 (E.D. Pa. 1988).

In the instant case, Plaintiff seeks to remove an action that is almost four years old to this Court without providing any justification for why removal is appropriate.  Plaintiff has not cited any authority for the proposition that her ability to remove extends beyond the thirty day period specified by statute.  *See* 28 U.S.C. § 1446(a).  Nor has Plaintiff complied with any of the procedural requirements of 28 U.S.C. § 1446, including attaching a copy of any process, pleadings or orders to her Notice of Removal.  While this Court is not unsympathetic to Plaintiff's circumstances, these procedural deficiencies alone warrant remand to the Superior Court.  The Court notes that Plaintiff retains the right to pursue an appeal in this matter as described in the Superior Court's May 17, 2011 Order.

## IV.    CONCLUSION

For the above reasons, and for good cause shown, the Defendant's Motion to Remand is granted.  An appropriate order will follow.


 /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated October 12, 2011